# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| John Andreaccio, | Case No.: 2:22-cv-00672-JAD-NJK |
| Plaintiff | |
| v. | **Order Granting in Part Defendants' Motion for Attorneys' Fees and Costs** |
| Joshua Weaver and Allen Lynn, | [ECF No. 32] |
| Defendants | |

Pro se plaintiff John Andreaccio sued Nye County police officer Joshua Weaver and police lieutenant Allen Lynn under 42 U.S.C. § 1983 for violating his constitutional rights when Weaver pulled over Andreaccio for driving an unregistered vehicle and then impounded his car.[1] I granted summary judgment in favor of the defendants on all of Andreaccio's claims and closed the case.[2] The defendants then submitted a bill of costs that the Clerk of Court taxed against Andreaccio.[3] Weaver and Lynn now move for attorneys' fees and additional costs under 42 U.S.C. § 1988, arguing that Andreaccio's lawsuit was frivolous and a fee award would best deter future lawsuits by Andreaccio based on the same meritless theories.[4] Because the defendants have demonstrated that they are entitled to an award of attorneys' fees under § 1988, I award them $24,219.50. But I deny their request for additional costs because the local rules don't permit recovery of those they seek.

---

[1] ECF No. 1.

[2] ECF No. 29.

[3] ECF No. 31; ECF No. 37.

[4] ECF No. 32.

**Discussion**

I.     **Weaver and Lynn are entitled to an award of attorneys' fees under § 1988 because Andreaccio's claims were wholly without merit and frivolous.**

The American Rule recognizes that each party in litigation must bear its own attorneys' fees in the absence of a rule, statute, or contract authorizing an award of fees.[5]  Section 42 U.S.C. § 1988(b) is a fee-shifting statute that allows district courts to award attorneys' fees to the prevailing party in § 1983 cases.  But attorneys' fees in civil-rights cases should be awarded to defendants only if the plaintiff's suit was "frivolous, unreasonable, or without foundation."[6]  An action is frivolous when the result appears obvious or arguments are wholly without merit, and a defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception.[7]

Applying those standards here, I find that the record supports an award of attorneys' fees to Weaver and Lynn.  As I explained in the order granting summary judgment, Andreaccio's claims were mainly rooted in a right-to-travel theory common to sovereign-citizen ideology, and every court to confront it has held that it "lacks a true basis in law and is patently frivolous."[8] And in his opposition to the defendants' motion for attorneys' fees, Andreaccio continues to argue that the court's findings were "without merit and contradictory to the facts on record."[9] The defendants contend that this doubling down justifies a fees award as "the best protection

---

[5] *MRO Commc'n Inc. v. Tel. & Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).

[6] *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir. 1990) (internal citations omitted).

[7] *Christianberg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978).

[8] ECF No. 29 at 10 (citing *Berry v. City of St. Louis*, 2021 WL 4191612 at *5 (E.D. Mo., Sept. 15, 2021) (collecting cases); *Augmon v. Pennsylvania*, 2022 WL 16966723 at *3 (W.D. Pa. Oct. 25, 2022)).

[9] ECF No. 35 at 4.

2

against additional frivolous actions by Mr. Andreaccio."[10]  Indeed, they point to a later-filed action by Andreaccio in this district that duplicates many of the same claims based on the same facts.[11]  Because Andreaccio's claims were primarily rooted in or stemmed from a misguided and patently frivolous theory, and fee-shifting would discourage him from filing further lawsuits based on this theory, I find that an award of attorneys' fees to the defendants is warranted.

I also find that the amount of the defendants' fee request is reasonable.  "The starting point for determining a reasonable fee is the 'lodestar' figure, which is the number of hours reasonably expended multiplied by a reasonable hourly rate."[12]  Requests for attorneys' fees must also meet the requirements of Local Rule 54-14, which requires a motion for attorneys' fees to include an attorney affidavit, "[a] reasonable itemization and description of the work performed[,]" and other information about the case and the work that the attorney performed.[13]  After calculating a lodestar figure, the court may review the reasonableness of the award under the factors adopted by the Ninth Circuit in *Kerr v. Screen Extras Guild, Inc*., including the "time and labor required" and the "experience, reputation, and ability of the attorneys," among other factors.[14]

Having reviewed counsel's sworn declaration and the firm's billing records, I find that the request for $24,219.50 in fees is reasonable under the *Kerr* factors.  The billing records show an attorney hourly rate of $200 and a paralegal hourly rate of $85, which are extremely reasonable in light of the complexity of this case, the attorneys' experience, and the customary

---

[10] ECF No. 32 at 2.

[11] ECF No. 3 in Case No. 2:23-cv-00635-CDS-EJY.

[12] *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

[13] L.R. 54-14(a)–(b).

[14] *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

litigation fees for defending similar claims in this community.  I also find that the number of hours expended is reasonable.  A detailed summary of the work performed in this case and five back-up invoices show that the defendants' attorneys spent 126.1 hours over the course of litigation,[15] which is reasonable considering the nature of the case and the tasks performed.  I thus find that Weaver and Lynn are entitled to a total attorneys' fees award of $24,219.50.

**II.      Weaver and Lynn's request for additional costs is denied.**

In addition to their request for attorneys' fees, the defendants seek $822.90 in costs not already awarded by the Clerk of Court.[16]  Weaver and Lynn's sworn attorney declaration includes an itemized list of these costs for car rental, air travel, room rental, and parking fees associated with taking depositions.[17]  Though Andreaccio does not oppose an award of such costs, Local Rule 54-11 does not ordinarily allow recovery of attorney travel expenses, and the defendants have not offered a reason this court should deviate from that practice.[18]  So I deny their request for these costs.

**III.      Andreaccio's "appointment of executor" theory is another frivolous argument that fails to shield him from an assessment of fees.**

Andreaccio responds to the defendants' motion for attorneys' fees and costs by assigning me as the executor of an account for which he requests an "up-to-date report," and he states that "the Executor of Account can proceed as instructed on the beneficiary's behalf if a liability has

---

[15] ECF No. 33; ECF No. 33-1.

[16] ECF No. 32 at 2; ECF No. 33 at 5–6.  The Clerk of Court taxed the costs included in the defendants' bill of costs in the amount of $1500.65.  Those costs must also be paid by Andreaccio in addition to the fees and costs discussed in this order.

[17] ECF No. 33 at 5–6.

[18] L.R. 54-11(k).

1  been created by the redress of these bad actors."[19]  Andreaccio appears to be invoking the

2  "Redemptionist" theory—one again rooted in sovereign-citizen ideology—which generally

3  purports that government documents such as birth certificates and social security cards created

4  fictitious entities used by the government as security for the national debt.[20]  Adherents to this

5  theory believe that profits that the government makes from this use of its citizens are held in

6  "secret, individual trust accounts" for each citizen that they may employ by appointing an

7  executor to that account to discharge or redeem any debts levied against them.[21]

8      Though Andreaccio does not state that he is a sovereign citizen, his executor argument

9  bears all the hallmarks of this Redemptionist theory, and the Ninth Circuit has resoundingly

10  rejected such theories as frivolous and "entirely without merit."[22]  Andreaccio's opposition

11  argument is precisely that.  There is no account.  He can't appoint me as the executor of that

12  phantom account.  So he must personally pay the fees awarded against him by this order.

13

14

15

16

17

18

19

20  ---

[19] ECF No. 35 at 1–2, 5.

21  [20] *See Gravatt v. United States*, 100 Fed. Cl. 279, 283 (2011).

22  [21] *Id; see also Caetano v. Internal Revenue Serv.*, 2023 WL 3319158 (E.D. Cal. May 9, 2023), *report and recommendation adopted*, 2023 WL 4087634 (E.D. Cal. June 20, 2023).

23  [22] *United States v. Marks*, 530 F.3d 799, 811 (9th Cir. 2008).

**Conclusion**

IT IS THEREFORE ORDERED that Weaver and Lynn's motion for attorneys' fees **[ECF No. 32] is GRANTED in part**.  I award the defendants $24,219.50 in attorneys' fees but deny their request for additional costs of $822.90.  The **Clerk of Court** is directed to **ENTER AN AMENDED JUDGMENT** that includes this award and the costs previously taxed by the Clerk of Court.

_____
U.S. District Judge Jennifer A. Dorsey
August 15, 2023